PEARL MASTERS, APPELLANT, v. SUN MANUFACTURING COMPANY, A CORPORATION, RESPONDENT.—165 S. W. (2d) 701.

Kansas City Court of Appeals.   November 2, 1942.

*Shultz & Owen, Harry C. Clark* and *Ed Lavery* for appellant.

*Conkling & Sprague* for respondent.

CAVE, J.—This suit was commenced by plaintiff seeking to recover from the defendant the sum of $85.20 unpaid wages claimed to be due under the Fair Labor Standards Act of 1938, 29 U. S. C. A., secs. 201-219, also $85.20 as liquidated damages, as provided in such Act, and for $500 attorneys'. fees. The cause was tried to a jury which returned a verdict awarding plaintiff $22.61, to which the court added

a like amount as liquidated damages, and upon a separate hearing, the court awarded $80 as attorneys' fees, and entered judgment against defendant in the total sum of $125.22. Defendant filed its motion for new trial alleging five grounds of error, and the court sustained the motion and granted a new trial "on the ground of prejudicial and inflammatory argument made to the jury by the attorney for the plaintiff during his closing argument as set out in 'V' of the defendant's motion;" to which action the plaintiff excepted. The court also overruled defendant's motion as to grounds numbers 1, 2, 3 and 4.

Plaintiff (appellant) contends that the court erred in sustaining the motion on the ground assigned, and presents various reasons therefor, which will be later noted. The defendant (respondent) argues that the court did not commit error in sustaining its motion on the ground assigned and in addition presents and argues that the motion should have been sustained because the court should have given defendant's requested Instruction "A" in the nature of a demurrer to all the evidence, because the plaintiff failed to meet her burden of proof; and even if the court were to accept plaintiff's testimony in lieu of substantial evidence as to the number of hours she worked, nevertheless plaintiff was not entitled to a verdict of $22.61.

A brief statement of the issues will be made before discussing the question of whether the court erred in sustaining the motion on the ground assigned.

Plaintiff's petition alleged that plaintiff was engaged from October 24, 1938 (the effective date of the above Labor Act), until August 22, 1939, in manufacturing for defendant shirts to be moved in interstate commerce; that plaintiff, during said period, was employed by defendant for work-weeks longer than forty-four hours; that defendant failed to pay plaintiff 25c an hour (as required by said Act) for the first forty-four hours plaintiff worked in each work-week and failed to pay plaintiff 37½c an hour (time and one-half) for each hour in excess of forty-four hours which plaintiff worked during each such work-week; that plaintiff worked forty-seven hours each week; that plaintiff started work each work day morning at 7:15 A. M. and started work each work day afternoon at 12:20 P. M.; that plaintiff worked nine hours and twenty-five minutes each work day. Defendant's answer admitted the interstate character of its manufacturing business; specifically denied that plaintiff ever worked more than forty-four hours in any one work-week; specifically denied that defendant was indebted to plaintiff in any sum whatever under said Act; alleged full payment in that defendant had paid plaintiff all wages due to plaintiff from defendant under the Wage and Hour Act, or otherwise; and alleged that for all the hours between October 24, 1938, and August 23, 1939, that plaintiff worked for defendant, the plaintiff had been paid by defendant at a rate in excess of the minimum prescribed by the Wage and Hour Law.

The principal point of dispute in the evidence was whether the plaintiff had been compelled to work more than forty-four hours per work-week. Plaintiff's attorney in his closing argument to the jury made the statement, presently quoted, which gives rise to the first matter for consideration, the ground assigned by the court for sustaining the motion.

During his argument, the following occurred:

"MR. CLARK: (plaintiff's attorney . . . If they had a lack of business, why did the girls have to go in the morning at seven o'clock? Why did they have to work at noon? Gentlemen, there was no lack of business in this sweat shop.

"MR. CONKLING: We shall now ask the court to reprimand counsel for making what we think is, and what must be construed as, an improper and inflammatory statement, not based upon the evidence, and made solely by Mr. Clark for the purpose of attempting to prejudice the jury, and appeal to the passions of men instead of their reasons. We are objecting to the statement.

"MR. CLARK: You will get your chance to make a speech.

"MR. CONKLING: I was not talking to you. I was addressing my objections to the court.

"THE COURT: The court considers that the statement just made by you is highly improper, Mr. Clark. There is no such issue in this case, no such evidence in the case and I want to caution you against making such remarks again because it is not only out of the record but the court deems it highly improper and prejudicial.

"MR. CONKLING: We ask the court to discharge the jury from further consideration of the case.

"THE COURT: Request to discharge the jury will be denied.

"To which action and ruling of the court, defendant then and there duly excepted and still excepts.

"MR. CLARK: I withdraw the statement. I refer to the Sun Manufacturing Company and I have no name for it, but I still want to talk about these workers, even if Mr. Conkling does not want me to talk about them. . . ."

Plaintiff (appellant) asserts that the above occurrence would not justify the court in sustaining defendant's motion for new trial because, "A", the language used is neither inflammatory nor prejudicial; "B", any possible prejudicial effect was cured (1) by the court sustaining the objection, (2) by reprimanding counsel; (3) by counsel withdrawing the statement and substituting another in its place, and (4) because no further objection was made; "C", the court passed upon the effect of the language complained of in refusing to discharge the jury. It is also contended by plaintiff that it is the province and duty of this court under the circumstances to determine the meaning and effect of the language in deciding whether the trial court abused its discretion in granting a new trial.

It is axiomatic that trial courts have a wide discretion in passing upon motions for new trial and when sustained, the action "will not be interferred with by appellate courts, unless it be made to appear either that the reason assigned by the court for its holding was in direct conflict with established rules of law or that the action of the court was the result of judicial indiscretion." [Beer v. Martel, 332 Mo. 53, 60.] To like effect are the rulings in Jones v. Kansas City (Mo.), 76 S. W. (2d) 340; Burow v. Red Line Service Inc., 343 Mo. 605; Schierloh v. Brashear Freight Lines, 148 S. W. (2d) 747. In the last case, at l. c. 730, the court said:

"Appellate courts are also more liberal in upholding the trial court's action in sustaining a motion for new trial than in denying it. This is because the power of the trial court to grant a new trial is an exercise of its judicial discretion, which may be based in part upon matters not known to the appellate court (often said to be in the breast of the court), because the trial judge participated in the trial and knew what took place, much of which cannot be preserved in any bill of exceptions."

Many other cases to like effect could be cited, but we gather from appellant's brief that she concedes such to be the general principle of law in this State. Therefore, we will consider her assigned reasons why the trial court should be convicted of error in sustaining the motion.

Plaintiff contends that "the term 'sweat shop' may not be complimentary, but the defendant's plant fits the dictionary's definition because its employees were 'over-worked' and 'paid low wages.' The accuracy of the statement should bar respondent (defendant) from any complaint." The term 'sweat shop' has been judicially defined as a place where employees "are required to work to an extent hardly endurable." [Cleaning & Dyeing Ass'n. v. Sterling Cleaners & Dyers (Ill.), 2 N. E. (2d) l. c. 160.] Whichever definition is used, it is perfectly clear from the record that the trial court, and we agree, understood that plaintiff's counsel was not intending to praise the defendant when he charged it with operating a "sweat shop." In the public mind the term "sweat shop" imputes unsavory and illegal business practices. In sustaining defendant's objection to the above argument, the trial court held "it is not only out of the record but . . . highly improper and prejudicial." From our examination of the record, we agree that the argument was not justified by the evidence in the case, and therefore plaintiff's contention that the argument was within the record must be ruled against her.

Plaintiff next contends that a wide latitude should be allowed in arguing the case to the jury and that counsel is entitled to draw all reasonable inferences from the facts. To support such contention he cites the case of Gidionsen v. Union Depot Railway Co., 129 Mo. 392, and Young v. City of St. Joseph, 4 S. W. (2d) 1104. In those cases the trial court had overruled the motion for new trial and the appel-

late court was disposing of the point on the theory that the trial court had not abused its discretion in so doing. The situation is just reversed in the instant case.

Plaintiff also contends that any prejudicial effect of the language used was cured by the court sustaining the objection and by reprimanding or admonishing counsel to stay within the record. He cites a number of cases to support such contention, some of which are: Hesemann v. May Dept. Stores Co., 225 Mo. App. 584, 39 S. W. (2d) 797; Arnold v. Met. Life Ins. Co., 89 S. W. (2d) 81; Nolan v. Johns, 27 Mo. App. 502; but an examination of those cases discloses that the trial court had sustained the objection to the argument and severely reprimanded counsel and thereafter overruled the motion for new trial, thereby holding in effect that any prejudice caused by the improper argument had been cured by sustaining the objection and reprimanding counsel. When such a situation exists, the appellate court is loath to override the judgment of the trial court on such a matter, but in the present case the trial court sustained the motion for new trial for the very reason that he did not believe the prejudicial effect had been cured by sustaining the objection to the argument and by cautioning counsel to stay in the record. Under such circumstances, the appellate court is loath to say that the trial court abused its discretion because he was in so much better position to see and know the effect of the improper argument.

It is also contended that any prejudicial effect of the harmful language used was cured when counsel substituted another statement without objection. He cites the case of Pietzuk v. Kansas City Railways Co., 289 Mo. 135, but a mere reading of that case discloses that it has no application to the record in this case.

The plaintiff also calls to our attention the case of State ex rel. State Highway Commission v. Ferbert et al., 71 S. W. (2d) 55, where the St. Louis Court of Appeals held that the trial court had abused its discretion in sustaining the motion, but quite a different situation is presented, because the court said (l. c. 59):

"We are not persuaded, however, that the learned trial judge in this case regarded the remarks of counsel complained of as in themselves sufficient to warrant a new trial, or that he would have granted a new trial except for the erroneous view, arrived at upon consideration of the motion for new trial, that the trees on the condemned land were reserved to the defendants, and were not to be taken into account in determining defendants' damages."

Clearly, that case does not rule the point now under consideration.

After careful consideration of the record in this case, we are unwilling to hold that the trial court abused its discretion in sustaining the motion for new trial on the ground assigned.

Defendant earnestly argues that the court should have sustained its demurrer offered at the close of all the evidence, because plaintiff failed to carry the burden of proof required of her. That her evidence

was so indefinite and speculative that it cannot be considered substantial evidence justifying submission of the case to a jury. We have carefully read the record, and while much of the testimony is indefinite and uncertain as to the actual "extra time" the plaintiff worked, nevertheless, she pleads a good cause of action, and as there will be another trial, we are unwilling to anticipate what the evidence will be and to say at this time that plaintiff cannot make a submissible case. Where a good cause of action has been pleaded, a case should not be reversed outright unless the appellate court is convinced that all the evidence has been fully presented, and that the facts are such that a recovery cannot be had. [R. D. Kurtz, Inc., v. Field, 223 Mo. App. 270; Wilson v. Fower et al., 155 S. W. (2d) 502.] We believe the ends of justice will be best served by affirming the action of the lower court and permitting a retrial, if desired.

For the reasons stated, the action of the trial court in granting a new trial should be affirmed. It is so ordered. All concur.