260 S.W.2d 765 (1953)
CREWS
v.
ILLINOIS TERMINAL R. CO.
No. 28596.
St. Louis Court of Appeals. Missouri.
September 15, 1953.
Rehearing Denied October 16, 1953.
*766 Ely & Ely, Robert C. Ely, and Alphonso H. Voorhees, St. Louis, for appellant.
Louis E. Miller, Miller & Landau, and B. Sherman Landau, St. Louis, for respondent.
WOLFE, Commissioner.
This is an action under the Federal Employers' Liability Act. The plaintiff suffered an injury to his left foot when a box fell upon it while he was restacking a load of boxes in a freight car. The petition charged that the defendant had improperly loaded the freight so that it was not balanced and thus rendered the car an unsafe place in which to work. There was a verdict for five thousand dollars for the plaintiff and the defendant prosecutes this appeal.
Russell E. Crews was a baggage and freight handler employed by the Illinois Terminal Railroad Company on March 12, 1951. His pay was at the rate of about $12.30 a day. On April 17, 1951, he was engaged, as stated, in the operation of restacking a load of freight. There were some boxes in the car and Crews was moving them to make room for more. He had picked up a cardboard box, about two and one-half feet square, and as he did so a small wooden box fell from behind it. The wooden box struck him on the left foot, fracturing his great toe. He was sent to to the Missouri Pacific Hospital where the toe was X-rayed. The negatives showed a comminuted fracture of the distal phalanx. After the toe was X-rayed Crews was sent home, but he was directed to and did return on occasions thereafter to the outpatient department. The hospital record showed that *767 there was considerable blood extravasation under the dorsal end of the toe. The plaintiff complained of pain in the foot and leg and stated that such discomfort was still present at the time of trial in March of 1952.
On May 28, he was directed by a doctor at the hospital to return to work but he stated that at that time his foot was still swollen and he was losing the toenail. He did not return to work for the defendant but in September he started working for the Laclede Gas Company as a laborer and he lost three or four days from his employment with this company because of pain in his foot. There was medical testimony supporting plaintiff's statement that the foot continued to give him discomfort and testimony on behalf of the defendant that the fractured bone had healed in good position. This, basically, was the evidence upon which the case was presented to the jury. But there was other testimony by the plaintiff which will be considered in connection with questions raised in relation to it.
The first point raised, and the one most earnestly pressed, is that the court erred in overruling the defendant's motion for a directed verdict, in that there was no evidence of negligence on the part of the defendant.
The act under which this action is brought, 45 U.S.C.A. § 51, provides that every common carrier by railroad shall be liable for injury to its employees when such injury results "in whole or in part from the negligence of any of the officers, agents, or employees of such carrier". The question of whether or not the plaintiff made a submissible case under the Federal Employers' Liability Act is to be determined by the pronouncements of the Supreme Court of the United States upon that subject. Tatum v. Gulf, M. & O. R. Co., 359 Mo. 709, 223 S.W.2d 418; Malone v. Gardner, 362 Mo. 569, 242 S.W.2d 516. In determining whether or not a submissible case has been made, we must, of course, view the evidence in a light most favorable to the plaintiff, and " `where the facts are in dispute, and the evidence in relation to them is that from which fair-minded men may draw different inferences', the case should go to the jury." Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 451, 87 L.Ed. 610. Thus, on the question of whether or not the boxes had been negligently stacked in the freight car, it appears that the jury might have concluded from the evidence that they had been stacked in such a way that a small heavy box, when released from the support of a box in front of it, would fall, and that the loading of a freight car, in such manner, was negligent. Bailey v. Central Vermont Ry., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572.
However, the defendant here contends that the record is void of any evidence showing that the acts or omissions complained of were those of the defendant or those acting in its behalf. As to the loading of the car the respondent relies solely upon the following testimony:
"Q. Now will you tell us what happened on the afternoon of April 17th? A. Well on the afternoon of April 17th we were ordered to go into a car and restack the load that was in there which had been loaded the day before.
"Mr. Ely: What occurred? I didn't hear what he said.
"Mr. Landau: He was ordered in to restack a car that had been loaded the day before.
"Mr. Ely: I ask that the latter part of the answer be stricken as not responsive to the question, that it had been loaded the day before, and ask that the witness state if he knows whether or not it had been loaded the day before.
"Mr. Landau: I am going to ask him that next.
"The Court: Very well.
"Q. Had you had anything to do with the loading of that car? Had you *768 yourself had anything to do with the loading of that car? A. No.
"Q. Do you know when it had been loaded? Had you seen the car? A. I saw the car, I believe the day before that up on a different platform."
We fail to find in the above quoted evidence any facts to support an inference that the defendant's agents or employees loaded the car.
The most broad pronouncement relating to the evidence required to make a case properly submissible to a jury under this act is contained in Lavender v. Kurn, 327 U.S. 645, loc. cit. 653, 66 S.Ct. 740, loc. cit. 744, 90 L.Ed. 916:
"It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference."
But the court went on to say that the "speculation and conjecture" that it accorded to the jury did not apply when there was a complete absence of probative facts upon which to speculate. Since there is nothing in the quoted testimony from which it could be inferred that the defendant loaded the car, it must be concluded that the evidence was insufficient to support the charge in the petition that the loading was the act of the defendant.
The respondent contends that the previous loading of the freight car was not seriously disputed by the defendant upon the trial, but we find nothing in the record to support this view. The answer denied the allegation in plaintiff's petition that the defendant loaded the freight car. We are informed in respondent's brief that he was led to believe by some depositions taken prior to the trial that the loading was not a controverted issue. He quotes from such depositions in his brief, but they were not before the trial court, nor are they before us, and we cannot consider them in passing upon his contention. The issues were formed by the pleadings and there is nothing of record to indicate that any material allegation of the petition should be taken as conceded to be true by the defendant.
Neither does the evidence support the view that a reasonable inspection of the car would have revealed the box in its precarious position. The plaintiff ruled out this by his testimony that the box was not visible until he had moved freight from in front of it. It would, of course, be absurd to hold that the defendant should have moved the freight to determine whether or not the car was properly loaded before directing an employee to move it.
It appears from the foregoing that there was no evidence of any act or omission on the part of the defendant upon which a charge of negligence could be submitted to the jury.
For the errors noted the judgment must be reversed, and it is urged by the appellant that the case should not be remanded for a new trial. The rule as it relates to remanding a case after a reversal for failure to make adequate proof is stated in Lance v. Van Winkle, 358 Mo. 143, 213 S. W.2d 401, loc. cit. 404:
"It is a settled practice of appellate procedure that a case should not be reversed for failure of proof without remanding, unless the record indicates that the available essential evidence has been fully presented, and that no recovery could be had in any event. * * * This rule is pertinent where the record indicates that other and additional evidence might be adduced in support of plaintiff's action and enable him to make a submissible case."
No inquiry was made of the plaintiff nor of an employee of the defendant testifying in its behalf as to who loaded the car, and either or both of them may have known. This may be developed upon *769 retrial. Defendant's records also may be available to show what cars it loaded or other evidence might enable the plaintiff to make a submissible case, and for that reason the cause should be retried. Mann v. Mann, Mo.Sup., 193 S.W.2d 492; Masters v. Sun Mfg. Co., 237 Mo.App. 240, 165 S.W.2d 701; Byrne v. Prudential Ins. Co. of America, Mo.Sup., 88 S.W.2d 344.
Since the case must be retried the other errors charged that might occur upon retrial should be considered. One of these is that the court erred in permitting the plaintiff to give an opinion as an expert that the boxes were stacked in such a position that they were "unstable and likely to totter". It does not appear that this is a matter calling for an expert opinion. Such testimony is admissible where the layman jurors would not be able to form an intelligent opinion because of their inexperience. Metropolitan Ice Cream Co. v. Union Mutual Fire Ins. Co., 358 Mo. 727, 216 S.W.2d 464. Stacking boxes was the work of a common laborer and whether or not they would topple when stacked a certain way is a thing that would come within the scope of intelligence possessed by the most rudimentary mentality. It was harmless error, but should be avoided upon retrial.
Other assignments of error go to instructions given at the request of the plaintiff. One of these is instruction No. 1, which is as follows:
"The court instructs the jury that it is conceded in this case that plaintiff and defendant were engaged in interstate commerce and transportation and therefore the right, duties and liabilities of the parties to this action are not in any way governed by the laws of the State of Missouri, but are governed solely by an Act of Congress, known as the Federal Employers' Liability Act.
"You are further instructed that the Federal Employers' Liability Act provides as follows: `Every common carrier by railroad, while engaging in commerce between any of the several states * * * shall be liable in damages to any persons suffering injuries, while he is employed by such carrier in such commerce * * * for such injury resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier * * *.'
"You are further instructed that the said Federal Employers' Liability Act provides in part as follows: `In all actions hereafter brought against any such common carrier by railroad, under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, the fact that the employee may have been guilty of contributory negligence shall not bar recovery, but his damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: provided that no such employee who may be injured be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees attributed to the injury of such employee.' " (Emphasis ours.)
The first part of the instruction is similar in most respects to the one approved in Malone v. Gardner, 362 Mo. 569, 242 S.W. 2d 516, except that in that instruction the negligence was narrowed down to the charge in the petition and not broadly stated. However, the second paragraph of the instruction quotes from 45 U.S.C.A. § 53, which relates to statutes subjecting the employer to particular obligations for the safety of its employees and has nothing whatever to do with the present type of action. In that respect the portion mentioned is the same as section 54 dealing with the assumption of risk. Great Northern Ry. Co. v. Leonidas, 305 U.S. 1, 59 S.Ct. 51, 83 L.Ed. 3; Nashville, C. & St. L. Railway v. Hines, 20 Tenn.App. 1, 94 S.W.2d 397, loc. cit. 402. If the italicized portion were applied to the liability act the first part would be completely inconsistent with the latter part, which is an *770 exception to the first part. The instruction is therefore erroneous as this action is not brought under any "statute enacted for the safety of" the employee, but was brought under an act where the employee can be held guilty of contributory negligence and have his damages diminished in proportion to that negligence.
Instruction No. 2, which is a verdictdirecting instruction, fails to properly hypothesize the negligence upon which the plaintiff relies and should be revised to meet this objection upon retrial.
It is also evident that instruction No. 10, which covers the measure of damages, goes beyond the proof as it relates to loss of wages and future medical expenses. It should also predicate the award of damages, which the jury is instructed that they may allow, upon a finding for the plaintiff under the other instructions given.
It is claimed by the appellant that the verdict is excessive and by the respondent that it is grossly inadequate. If no question was raised respecting the amount of the verdict the case could be remanded for retrial upon the issue of liability only. Section 512.160, RSMo 1949, V.A.M.S.; May v. Hexter, Mo.App., 226 S.W.2d 383. However, since both appellant and respondent complain of the verdict and the medical testimony required for the trial of the issue of damages is not extensive, the case should be completely retried.
For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded for a new trial.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly reversed and the cause remanded for a new trial.
BENNICK, P. J., and ANDERSON and ARONSON, JJ., concur.