**Wilhelmenia ROCKETT, Plaintiff-Appellant,**

v.

**PEPSI COLA BOTTLING COMPANY, a Corporation, Defendant-Respondent.**

**No. 33776.**

St. Louis Court of Appeals, Missouri.

Nov. 24, 1970.

Raymond Howard, Jr., St. Louis, for plaintiff-appellant.

Murphy & Kortenhof, George A. Adolf, St. Louis, for defendant-respondent.

DOWD, Judge.

This is a products liability case involving plaintiff's drinking of a foreign substance in a bottle of Teem soda. Plaintiff obtained a jury verdict against defendant for $2,200.00. The trial judge took away the judgment from the plaintiff by sustaining defendant's after trial motion for judgment in accordance with its motion for a directed verdict on the following ground stated in defendant's motion: "1. The plaintiff did not show by a preponderance of the evidence that the defendant manufactured and sold the soda bottle in question." The case was submitted to the jury under plaintiff's verdict directing instruction which required a finding that " * * * defendant sold the bottle of Teem soda for human consumption * * *." The plaintiff appeals.

The narrow issue here is: Did the plaintiff prove that the defendant sold the particular bottle of Teem? This is one of the essential elements of plaintiff's cause of action. Keener v. Dayton Elec. Mfg. Co., Mo., 445 S.W.2d 362[2]. Williams v. Coca-Cola Bottling Co., Mo.App., 285 S.W.2d 53[5]. The trial judge in his post-trial ruling held the plaintiff did not prove that the defendant sold the particular bottle of Teem. We agree.

Plaintiff, a teacher, alleged in her petition that the defendant Pepsi-Cola Bottling Company, a Corporation manufactured and delivered to the William School a beverage known as Teem which was placed in a vending machine in the teachers' lounge for the purpose of sale for human consumption and that defendant warranted the purity, fitness and safety of the beverage for human consumption. Plaintiff further alleged that she purchased a bottle of Teem from the vending machine, drank a portion of it which contained a harmful and foreign substance which caused plaintiff to become violently ill and was damaged, and defendant thereby breached its aforesaid warranty. Defendant in its answer admitted its corporate existence but denied every other allegation of the petition.

It will not be necessary to discuss the other elements of the case because of the limited issue before us.

The evidence going to the issue of whether the plaintiff proved that this defendant sold the particular bottle of Teem

is as follows. Plaintiff purchased this bottle of Teem from a vending machine located in the teachers' lounge at the school where she taught. The vending machine had the name "Pepsi Cola" written on it. On the bottle of soda under the word Teem was written "A Product of Pepsi-Cola Company." On the cap of the bottle under the word Teem is written "Pepsi Cola Metropolitan Bottling Company, Incorporated, St. Louis, Missouri, 63110," and "Bottled under authority of Pepsico, Incorporated, New York, New York." The man who put soda in the vending machine had the name "Pepsi Cola" on his uniform.

The named defendant here is Pepsi Cola Bottling Company, a Corporation.

This same issue was before this court in Williams v. Coca-Cola Bottling Company, supra, with almost identical facts and the court held that the plaintiff failed to prove that the defendant sold the bottle of soda. In the Williams case there was testimony that Cokes were delivered by the " 'driver of the Coca-Cola Company' who took the cases of Coke from 'the Coke Truck.' " As in Williams, there was no evidence that this defendant's corporate name appeared on the bottle, bottle cap, or on the uniform of the man who put soda in the vending machine. There was no testimony that this particular defendant supplied the vending machine, nor were there any of defendant's records introduced nor were any of defendant's employees put on the stand to prove that this particular defendant supplied and serviced this vending machine. There was no evidence that the man who supplied the vending machine was an employee of this particular defendant. There was no evidence that this defendant had an exclusive franchise for the manufacture and distribution of Teem in the St. Louis area.

We find that there was no direct evidence or evidence from which it can be inferred that this defendant sold the particular bottle of Teem involved here.

We agree with the court in Williams, supra, which involved a bottle of Coca-Cola when the court stated at l.c. 56:

" * * * There are numerous Coca-Cola companies. For all we know from this record there may be several independent manufacturers of and dealers in this product in the St. Louis area. There was no evidence that defendant had an exclusive franchise for the manufacture and distribution of Coca-Cola in the St. Louis territory. We cannot take judicial notice of the fact that this product is sold on an exclusive franchise basis or that Austin's Beauty Shop is located within the territorial limits of any exclusive territory which may have been granted to defendant company."

■ However, although the trial court properly sustained defendant's motion for judgment in accordance with its motion for a directed verdict, we must reverse because we have determined that plaintiff is entitled to a new trial. This for the reason that a case should not be reversed for failure of proof without remanding unless the record indicates that the available essential evidence has been fully presented and that no recovery could be had in any event. Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401[10] and Crews v. Illinois Terminal R. Co., Mo.App., 260 S.W.2d 765[6]. It is evident here that available, essential evidence was not fully presented. It is apparent from the record that there are numerous sources of other and additional evidence which might be produced to prove one of the essential elements, that this defendant sold the particular bottle of Teem.

Therefore, the judgment is reversed and the cause remanded for a new trial on all issues.

WOLFE, P. J., and BRADY, J., concur.