**REED SCHMIDT AND ASSOCIATES, Inc., a Corporation, Plaintiff-Respondent,**

**v.**

**CARAFIOL FURNITURE COMPANY, a Corporation, Defendant-Appellant.**

**No. 33819.**

St. Louis Court of Appeals, Missouri.

May 25, 1971.

Motion for Rehearing or for Transfer to Supreme Court Denied June 28, 1971.

Application to Transfer Denied Sept. 13, 1971.

Dubail, Judge, Kilker & Maier, William C. Maier, J. Dennis O'Leary, Sam A. Kessler. St. Louis, for defendant-appellant.

Padberg, Raack, McSweeney & Slater, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

In this action to recover a reasonable real estate commission the jury returned a verdict for plaintiff for $5100.00. Defendant filed its alternative motion for judgment or a new trial under Civil Rule 72.02, V.A.M.R. In its motion for judgment the defendant contended, among other grounds, that the plaintiff had failed to plead and prove that it was a licensed real estate broker, as required by the laws of the State of Missouri. See Section 339.160, RSMo 1969, V.A.M.S. Thereupon plaintiff filed the affidavit of Reed A. Schmidt, its president and principal officer, in which he swore that at all times mentioned in the evidence both the plaintiff as a corporation, and he as an individual, were real estate brokers duly licensed by the State of Missouri. Attached to the affidavit were copies of the licenses issued by the Missouri Real Estate Commission to the plaintiff, and to Schmidt, for the years expiring on June 30, 1966 and June 30, 1967.

On March 9, 1970, the court entered an order which in effect overruled defendant's motion for judgment but sustained its motion for a new trial. In many respects the order was a combination of an order and memorandum, for under the title "Reason" the trial court stated that the plaintiff had failed to allege and prove that the plaintiff was a licensed real estate broker at the time when the alleged cause of action arose, as required by the statute mentioned; that "This question was first brought up at the time Instructions were being considered at the close of the case. No formal record was made of the conversations of counsel, and none was requested"; and that the plaintiff's after-trial affidavit as to the license "* * * cannot be considered on the motion for new trial as part of the record of the case. * * *" Thereafter, on March 11, 1970, the trial court of its own motion set aside its previous order granting defendant a new trial and entered a new order granting defendant a new trial "* * * only as to the issue of whether plaintiff was a licensed real estate broker or salesman at the time when the cause of action arose and the judgment heretofore entered is sustained and to remain in effect." Defendant's appeal followed.

Although not the first point in defendant's brief, we consider initially defendant's contention that the court erred in overruling its motion for judgment. Since plaintiff's claim was one for a real estate commission there can be no doubt that it was incumbent upon the plaintiff to allege and prove that it was a licensed real estate broker at the time when its alleged cause of action arose. Section 339.160; Dolan v. Ramacciotti, Mo., 462 S.W.2d 812; Miller Nationwide Real Estate Corp. v. Sikeston Motel Corp., Mo., 418 S.W.2d 173; Waltermire v. Stuart, Mo.App., 222 S.W.2d 945. However, in view of the action of the trial court in overruling defendant's motion for judgment but granting it a new trial, at least on one issue, it would appear that no appeal lies from the order overruling its motion for judgment. Bailey v. Interstate Airmotive, 358 Mo. 1121, 219 S.W.2d 333; Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W. 2d 693; Gier v. Clark, Mo., 300 S.W.2d 519. The question as to the appealability of the overruling of defendant's motion for

judgment is somewhat academic, however, for the same point was also raised in defendant's motion for a new trial, and hence is properly before us. Stith v. St. Louis Public Service Co., supra. We are of the opinion that the trial court's action in overruling defendant's motion for judgment, and in sustaining its motion for a new trial (whether as limited will be subsequently discussed), which will afford plaintiff the opportunity to present, if it can, the evidence as to its license, was proper and correct. We disregard, as did the trial court, Schmidt's post-trial affidavit. But there is other evidence properly in the record, some of it developed by defendant on cross-examination of Schmidt, from which an inference may reasonably be drawn that plaintiff may be able to present the essential evidence. In Rockett v. Pepsi Cola Bottling Co., Mo.App., 460 S.W.2d 737, 739, where the trial court had sustained the defendant's motion for judgment, this court recently said:

"However, although the trial court properly sustained defendant's motion for judgment in accordance with its motion for a directed verdict, we must reverse because we have determined that plaintiff is entitled to a new trial. This for the reason that a case should not be reversed for failure of proof without remanding unless the record indicates that the available essential evidence has been fully presented and that no recovery could be had in any event. Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401 [10] and Crews v. Illinois Terminal R. Co., Mo.App., 260 S.W.2d 765 [6]. * * *"

That opinion has been cited with approval by the Supreme Court in the more recent decision in Morris v. Shell Oil Co., Mo., 467 S.W.2d 39, handed down in 1971.

■ Since the trial court limited the new trial to the trial of only one issue, rather than to plaintiff's entire claim, as defendant had requested, defendant did not obtain all the relief it had asked and was, therefore, aggrieved and entitled to appeal from the trial court's order. Fulton v. Bailey, Mo., 413 S.W.2d 514; Page v. Hamilton, Mo., 329 S.W.2d 758; Snyder v. St. Louis Public Service Co., Mo., 329 S.W.2d 721.

■ Defendant asserts that Instruction No. 4, plaintiff's verdict directing instruction deviated from its stated source (MAI 29.05), that Instruction No. 6 deviated from its source (MAI 4.06), and that such deviations create a presumption of prejudicial error. As to Instruction No. 4, it is readily apparent that neither the models used as a guide, MAI 29.05, nor any of the other approved instructions relating to the recovery of a broker's commission, were applicable. This for the reason that all of them, MAI 29.01 to 29.05, inclusive, hypothesize an action by a broker against the seller of property, under varying circumstances. In the instant case the action is one by a broker against the purchaser of property, so that in any event it was necessary for the plaintiff to either modify an approved instruction to fit the facts of plaintiff's case, or to draft a new instruction. Thus the presumption of error rule as to the deviation from an approved instruction, upon which defendant relies, is not here applicable. And as to Instruction No. 6, it was word for word as appears in MAI 4.06.

■ Defendant next complains that the trial court erred in not granting it new trial on all the issues because there was a variance between the theory underlying plaintiff's petition, its verdict-directing instruction, and its damage instruction. No such allegation of error appears in defendant's alternative motions for judgment or for a new trial. The trial court, of course, can scarcely be held to have erred in a matter that was not presented to it, and such a claim of error cannot be raised for the first time in this court. We observe, perhaps gratuitously, that plaintiff's petition sounded in quantum meruit, and not, as defendant claims, on an express contract.

Defendant's next point is that there was no evidence adduced as to what constituted a reasonable or a fair and just commission. While, as stated plaintiff pleaded a claim for relief on the theory of quantum meruit, plaintiff's evidence showed an express contract. Reed Schmidt, plaintiff's president, testified that defendant had informed defendant that if the property located by plaintiff was listed for sale, plaintiff would obtain a share of the commission from the broker with whom the property was listed, and defendant would not be obligated to pay a commission; but that if the property located by plaintiff and purchased by defendant was not listed, he would look to defendant for a commission of 6% on the transaction; and that defendant had agreed to the proposal. It has long been the rule in this state, as quoted in Oliver L. Taetz, Inc. v. Groff, 363 Mo. 825, 253 S.W.2d 824, 829, that:

" 'But where, as here, an express contract has been fully performed on plaintiff's part, and nothing remains to be done under it but the payment of money by defendant, which is nothing more than the law would imply, plaintiff may declare specially on the contract, or generally in indebitatus assumpsit as for the quantum meruit, at his election. The plaintiff does not repudiate the contract nor seek to avoid it in debitatus assumpsit as for the quantum meruit, but offers the contract in evidence and his proof of compliance with it to sustain his case. The agreed price, if there is an agreed price, becomes prima facie evidence of the reasonable value of the service. But plaintiff may not recover more than the agreed price. Stollings v. Sappington, 8 Mo. 118; Perles & Stone v. Childs Co., 340 Mo. 1125, 104 S.W.2d 361; American Surety Co. v. Fruin-Bambrick Const. Co., 182 Mo.App., 667, 166 S.W. 333; 5 C.J. 1386, 1387, 1388.' Fuldner v. Isaac T. Cook Co., Mo.App., 127 S.W.2d 726, loc. cit. 731. See, also, C. H. Robinson Co. v. Frissell, Mo.App., 132 S.W.2d 1049."

Thus the agreed commission of 6% of defendant's purchase price was prima facie evidence of the reasonable or fair and just value of plaintiff's services. And the verdict of $5100 in favor of plaintiff was precisely 6% of the $85,000 purchase price paid by defendant for the property, and did not exceed the amount determinable according to the terms of the express contract.

As its final point defendant states that the trial court erred in granting a new trial only as to the issue of whether plaintiff was a licensed real estate broker or salesman because that issue was " * * * Interwoven With the Issue of the Value of Services Rendered." Defendant argues that the plaintiff's qualifications to be licensed would "effect" (sic) the value of the services rendered. If defendant means by that argument that defendant could collaterally attack plaintiff's qualifications to obtain a license it is entertaining a false hope. Nor do we see any merit in defendant's analogy between the instant action for services rendered, and a plaintiff's claim for punitive damages. The principal issues here were whether the plaintiff had located and brought to the attention of defendant the unlisted property subsequently purchased by defendant, and secondly, if so, the fair and just amount of plaintiff's commission. The jury, by its verdict, decided the first issue in favor of plaintiff, and as to the second found the amount to be $5100. The only essential element not shown or determined by the jury was whether plaintiff was a licensed broker or salesman, as required by Section 339.160.

Civil Rule 78.01 provides, in part, "A new trial may be granted * * * on all or part of the issues after trial by jury, court or referee." Trial judges are invested with broad powers to grant new trials, and the extent thereof, to accomplish justice and their discretionary orders will not be set aside unless abuse of discretion clearly appears. In the instant case

no abuse of discretion is claimed, nor does any appear.

Accordingly, the order granting defendant a new trial only as to the issue of whether plaintiff was a licensed real estate broker or salesman at the time when the cause of action arose is sustained.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, defendant granted new trial only as to whether plaintiff was licensed real estate broker or salesman at time when cause of action arose.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., Not Sitting.