**T. Walter KIRK et al., Respondents,**

v.

**Richard Adolph KAELIN, Appellant.**

**No. 36609.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

---

1. This was the statute in effect at the time of movant's trial.

Lloyd E. Baker, Clayton, for appellant.

Wiley, Craig, Armbruster & Wilburn, Barbeau A. Roy, St. Louis, for respondents.

CLEMENS, Judge.

Equitable action by plaintiffs-trustees of an employees' welfare fund and pension trust. Plaintiffs contend defendant-employer hired employees who were beneficiaries of the funds but that defendant had not paid into those trusts as agreed. Defendant filed only a general denial. In a court-tried case the trial court gave plaintiffs judgment for $10,245 and defendant has appealed.

Defendant Richard Adolph Kaelin signed collective bargaining agreements establishing the trust agreements (hereafter Welfare Fund) and an indenture (hereafter Pension Trust). Each required defendant to contribute to the trust funds for each hour worked by defendant's employees covered by the agreements. Employer contributions and reports were to be submitted to the Welfare Fund and Pension Trust on behalf of each employee for every hour worked "in the unit consisting of building and common laborers who are employed by the employer on its work located in the City and County of St. Louis, Missouri."

Defendant submitted reports and contributions covering employment through April 30, 1966. His last contribution paid to each fund was on February 24, 1967. As provided by the agreements, plaintiffs' auditing firm reviewed defendant's records for that period. The auditor reviewed earnings sheets showing the gross pay of defendant's employees; he compared the earnings of employees listed with the known hourly rate of laborers during the period audited and questioned defendant about those employees listed on the sheet who were performing laborer's work. The auditor prepared a breakdown of the hours worked by defendant's employees which were not reported to the funds. He did not inquire about the union membership status of the named employees. The auditor determined defendant owed contributions to the Welfare Fund of $4,654.95 and $5,590.60 to the Pension Trust. Judgment was awarded against defendant for those amounts.

On appeal defendant contends there was no evidence to support two essential ele-

ments of plaintiffs' claims—whether plaintiffs' evidence showed defendant's employees were employed as laborers and whether the employees were engaged in defendant's work within the City or County of St. Louis.

Plaintiffs had pleaded that during the time in question defendant had employed "building constructions and common laborers who are represented" by the laborers' unions. At trial there was a complex colloquy as to whether defendant's employees were union members, but we must first find whether defendant employed "building constructions and common laborers." The record shows no evidence defendant's employees were laborers, so we need not reach the question of union membership.

Plaintiffs' auditor testified defendant had furnished him the "earnings sheets of the employees of Aalco Paving Company." He said he had "asked Mr. Kaelin to [sic] which ones were laborers, performing a function of laborers." No answer to this question appears in the record. Attempting to establish which of defendant's employees were laborers, the auditor said he first obtained from his auditing company's files the rate paid to laborers for the time period in question and then compared that with the hourly rate on defendant's earnings sheets. From that computation the auditor "picked up those people who are hourly rates, compared as laborers, and [he] also picked up people that Mr. Kaelin said . . . ." At this point the trial court sustained defense counsel's hearsay objection. Plaintiffs failed to make the essential offer of proof[1] after the trial court sustained the objection. We must grant defendant's contention that a finding that all employees were laborers is not supported by the evidence.

On the second issue there was no evidence to show all defendant's employees were employed on his work in the City or County of St. Louis. Such evidence was essential because the agreements provided for contributions only for work at those places.

Since plaintiffs failed to prove defendant's employees were laborers working within the specified areas we must reverse the plaintiffs' judgment. *Murphy v. Carron*, 536 S.W.2d 30[1–3] (Mo.1976) and Rule 73.01, subd. 1.

This leads to the question of whether we should reverse the judgment outright or remand the cause for a new trial. The two critical points—whether certain employees were laborers and whether they worked within the prescribed area—were not emphasized in either the pleadings or at trial. The conclusions reached by plaintiff's auditor as to the status of defendant's employees and their place of employment were based on inferences and summaries he drew from defendant's submitted records. The audit was not therefore based on the best evidence and pre-trial discovery was not utilized. Neither point now stressed was raised in an after-trial motion. Defendant's present challenges to the sufficiency of plaintiffs' evidence came into full bloom only on appeal.

We have faulted plaintiffs for not fully developing the extent of defendant's liability, but it seems probable with the critical issues now pinpointed plaintiffs may be able to make a submissible case.

In *Finnegan v. Missouri Pac. Ry. Co.*, 244 Mo. 608, 149 S.W. 612[3] (1912), the supreme court addressed the issue of remanding for a new trial, saying "a hiatus in the proof likely to be supplied is good reason to remand." We followed that principle, as authorized by Rule 84.14, by granting a new trial in *Bolhofner v. Jones*, 482 S.W.2d 80[7, 8] (Mo.App.1972), saying: "Even though a plaintiff does not make a submissible case, where all pertinent factual information was not presented on trial an appellate court may remand the case for a new trial." Such appellate disposition is explained in *Swope v. Printz*, 468 S.W.2d 34[14] (Mo. 1971): "The judgments must be reversed for failure of proof. Since the record does not indicate that all available essential evi-

---

1. *Keeshan v. Embassy Investment Company*, 303 S.W.2d 666[1, 2] (Mo.App.1957).

dence has been fully presented and that no recovery can be had in any event and that on a new trial plaintiffs may be able to make a submissible case the cause is remanded for a new trial on all issues . . . ." See also *Rockett v. Pepsi Cola Bottling Company,* 460 S.W.2d 737[3, 4] (Mo.App.1970): *Household Finance Company, Inc. v. Watson,* 522 S.W.2d 111[15] (Mo. App.1975); and the host of cases annotated at 33 Mo.Dig., ⊕1177(7).

Judgment is reversed and the case remanded for a new trial on all issues, with instructions to the trial court to permit discovery proceedings and amendment of pleadings. Assessment of court costs should be delayed pending retrial.

WEIER, P. J., and DOWD, J., concur.