ALICE ROBINSON, an infant, by MAMIE ROBINSON, her next friend, v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY, a Corporation, and ERIC STARMES, Appellants.—147 S. W. (2d) 648.

Division One, February 14, 1941.

*Jones, Hocker, Gladney & Grand,* *Web A. Welker* and *Vincent L. Boisaubin* for appellants.

*Reardon & Lyng* and *John H. Martin* for respondent.

GANTT, J.—Action for personal injuries. Plaintiff alleged injury by falling over a box of sweet potatoes in the vestibule exit from defendants' store. She also alleged that the box was negligently "caused, suffered and permitted" to be and remain in the exit. Judgment for $10,000 and defendants appealed.

Defendants contend that they had neither actual nor constructive notice of the obstruction in the exit, and for that reason the court should have sustained the demurrer at the close of all the evidence. The rule is stated as follows:

"The applicable law, as announced by the courts of this State, is that a storekeeper is not liable to his invitee for injury resulting from a dangerous and unsafe condition of the store *unless it is shown that the storekeeper had knowledge, actual or constructive, of such condition in time* by the exercise of ordinary care *to have remedied the condition* before the occurrence of the injury. [Smith v. Sears, Roebuck & Co., 117 S. W. (2d) 658, 1. c. 661; McKeighan v. Kline's Inc., 339 Mo. 523, 98 S. W. (2d) 555; Broughton v. S. S. Kresge Co. (Mo. App.), 26 S. W. (2d) 838; Hogan v. S. S. Kresge Co. (Mo. App.), 93 S. W. (2d) 118; Varner v. Kroger Grocery & Baking Co. (Mo. App.), 75 S. W. (2d) 585; Hubenschmidt v. S. S. Kresge Co. (Mo. App.), 115 S. W. (2d) 211; Monsour v. Excelsior Tobacco Co. (Mo. App.), 115 S. W. (2d) 919; Scott v. Kline's, Inc. (Mo. App.), 284 S. W. 821.]"

█ The store building is on the south side of a street in St. Louis. The entrance is from a vestibule, and the exit is into a vestibule in the north end of the building. The sidewalk is six inches lower than the floor of the vestibule. In the center of the south side of the vestibule is a display window. On the west side of the display window is the entrance to the store. On the east side of the display window is the exit from the store. The entrance and exit doors open outward. On each side of the vestibule are display windows.

At the time of the injury and for several weeks prior thereto the defendant company maintained an exhibit of sweet potatoes in the center of the vestibule, which extended from the center display window to within a few inches of the north floor line of the vestibule. The potatoes were in boxes two feet long, one foot wide and eight inches deep. The exhibit was two feet wide and sloped downward and northward from the center display window to within a few inches of the north line of the vestibule. On one side of the vestibule and against the side display window were one hundred pound sacks of Irish potatoes. On the other side of the vestibule and against the side display window were mesh sacks of onions. On opening the store each morning during the special sale of sweet potatoes and other vegetables, the manager and clerks set up these exhibits in the vestibule, which is eleven and one-half feet wide. The entrance and exit, through the vestibule to and from the store, were about three feet in width on each side of the sweet potato display. Generally the vegetables were sold from the vegetable rack in the rear of the store building. Occasionally vegetables were sold from displays in the vestibule.

On the afternoon of the day of the injury, plaintiff came from the east to the store with her mother and father. The father remained on the sidewalk in front of the store. Plaintiff and her mother walked past the front of the store and entered through the west door. In passing they saw the above described exhibits on display. They did not see a box of sweet potatoes in the vestibule exit from the store. They were in the store ten or fifteen minutes. The mother made settlement for purchases with the cashier near the exit door and proceeded to leave the building. She opened the exit door and stood with her back against the same to hold it open. Plaintiff had some bread under her left arm. She walked from the store past her mother and to the vestibule. On taking a step or two in the vestibule she stumbled over a box of sweet potatoes crosswise in the vestibule exit, which caused her to fall against the north edge of the vestibule floor and on to the sidewalk, thereby injuring her. The box of sweet potatoes crosswise in the vestibule left only twelve to eighteen inches exit space in the vestibule. The father, while waiting on the sidewalk had not noticed the above mentioned exhibits.

After plaintiff fell he saw a box containing sweet potatoes crosswise in the vestibule exit. He also saw a price tag on the box of potatoes.

Thus it appears that there is no evidence tending to show that, on the morning in question, an employee of the defendant company placed the box crosswise in the exit space as a part of the exhibit in the center of the vestibule, thereby leaving only twelve to eighteen inches exit space from the store.

Furthermore, there is no evidence tending to show that an employee, during the day, sold sweet potatoes from the exhibit in the center of the vestibule.

Furthermore, there is no evidence tending to show that a prospective customer, on examining the sweet potato exhibit in the center of the vestibule, removed the box from the exhibit and left it in the exit passageway.

Furthermore, there is no evidence tending to show that a trespassing meddler removed the box from the sweet potato exhibit and left it in the exit passageway.

There is evidence tending to show that the box of sweet potatoes was not in the passageway at the time plaintiff and her mother passed in front of the store and entered at the west door. In passing they saw the exhibits in the vestibule but saw no box in the exit passageway. It follows that there is evidence tending to show that the box was placed in the exit passageway during the ten or fifteen minutes plaintiff and her mother were in the store. Even so, there is no evidence tending to show who so placed the box. Any finding on this question would be based on mere conjecture. Furthermore, if, during the time plaintiff and her mother were in the store, the box was placed in the exit passageway by either a prospective customer or trespassing meddler, the defendant company is not liable, for the box was not in the exit passageway a sufficient length of time to charge the company with constructive notice of the obstruction.

Plaintiff cites Armstrong v. Kroger Grocery & Baking Co. et al., 78 S. W. (2d) 564, and Wood v. Walgreen Drug Stores, Inc., 125 S. W. (2d) 534. In the Armstrong case the obstruction was placed in the passageway by the defendant company through its employee. Likewise in the Woods case the obstruction was placed on the floor by an employee of the company.

The judgment should be reversed. It is so ordered. All concur.