STATE EX REL. F. W. WOOLWORTH COMPANY, a Corporation, ET AL., Relators, v. EWING C. BLAND ET AL., JJ.—No. 40439.—208 S. W. (2d) 263.

Court en Banc, January 12, 1948.

Rehearing Denied, February 9, 1948.

*Clay C. Rogers* and *Mosman, Rogers, Bell & Conrad* for appellants.

340

*Trusty & Pugh, Guy W. Green, Jr.,* and *A. B. Taylor* for respondents.

[263] DOUGLAS, J.—Cecile Clifford recovered judgment for $5,000 against the F. W. Woolworth Company and another for her personal injuries caused by slipping and falling on the floor in a Woolworth store in Independence. On appeal to the Kansas City Court of Appeals the judgment was affirmed. Clifford v. F. W. Woolworth Co. (Mo. App.), 201 S. W. (2d) 416.

We granted certiorari on the contention of the Woolworth Company that the record failed to show the dangerous condition of the floor had existed for any length of time prior to the fall, so that the company could not be charged with notice of the dangerous condition. On the question of notice, the company based its petition for certiorari on three cases, viz.: State ex rel. Trading Post Co. v. Shain, 342 Mo. 588, 116 S. W. (2d) 99; McKeighan v. Kline's, Inc., 339 Mo. 523, 98 S. W. (2d) 555; and Williams v. Kansas City Terminal Railway Co., 288 Mo. 11, 231 S. W. 954. The Trading Post and McKeighan cases announce the established rule that the burden is on the customer who falls by slipping upon some foreign substance on a store room floor to produce evidence showing the presence of the foreign substance on the floor for a sufficient time to give notice of its presence to the storekeeper. Such evidence was not adduced in these two cases [264] so the storekeeper was held not liable. The Williams case turned on a different question. That case pointed out that the presence of dampness on the railroad station's stairway could have been reasonably anticipated because it had been raining

all day, but that even though the stairs were wet they were still reasonably safe because they were equipped with a safety tread of standard construction.

We now turn to the transcript on appeal in the case at bar to ascertain what the evidence showed on the question of notice. We may do so despite the fact this is a proceeding in certiorari because under the new 1945 Constitution we determine all cases coming here from a Court of Appeals, "whether by certification, transfer or certiorari, the same as on original appeal." Art. V, Sec. 10, Constitution 1945.

The evidence in the transcript on appeal shows it was a wet, sloppy, February day. Customers had been tracking muck into the store all day and to such extent that an antislip preparation called Feldspar was sprinkled on the floor to keep it from becoming slippery. The muck accumulated so rapidly it was necessary to mop the floor at thirty minute intervals. This of course would remove the antislip preparation and it would have to be applied anew. There was evidence that the floor at the entrance where the accident occurred had been mopped about thirty minutes before plaintiff entered the store some time after four-thirty in the afternoon. Out of doors the ground had frozen over by that time of day, and there were patches of ice on the sidewalks. Plaintiff was a step or two inside the store when she slipped on an accumulation of dark, wet, muddy substance on the floor.

It seems clear there is no issue as to notice in this case. The conduct of Woolworth's employees in mopping the floor, and applying the antislip preparation, and their testimony showing their knowledge of the rapidity with which the muck accumulated throughout the day all definitely shows they were fully aware of the dangerous condition. The real issue is whether ordinary care was used to remedy a condition known to exist. The situation in this case is more akin to that in State ex rel. First National Bank in St. Louis v. Hughes, 346 Mo. 938, 144 S. W. (2d) 84, than to the cases relied on.

Accordingly, on the issue of notice our writ of certiorari was improvidently issued and is hereby quashed.

In deciding the issue whether defendants exercised ordinary care to remove a dangerous condition and the other issues raised on appeal, we adopt the opinion of the Kansas City Court of Appeals as the opinion of this court for the determination of this case. That court held plaintiff made a submissible case in that the jury could reasonably infer from the evidence that the condition of the floor when plaintiff fell had existed for a half hour or more; that defendants did not mop it and apply non-skid material as claimed, or if they did, it was done negligently and ineffectively; that defendants knew, or by the exercise of ordinary care could have known, of the condition

existing when plaintiff fell in time to have removed the accumulated muck and failing to do so caused plaintiff to fall.

The other contentions raised in the appeal have also been fully determined by the Court of Appeals' opinion, which we have made our own.

Judgment *affirmed*. All concur.