**L. C. RICHARDSON, Plaintiff-Respondent,**

v.

**SAFEWAY STORES, INC., Defendant-Appellant.**

No. 23979.

Kansas City Court of Appeals.

Missouri.

June 1, 1964.

James W. Benjamin, Rogers, Field & Gentry, Kansas City, for appellant.

Bernard Eveloff, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action for damages for personal injuries. The case was originally filed in the Magistrate Court, appealed and tried in the Circuit Court without a jury. Judgment was entered in favor of plaintiff for the sum of $345. Defendant appealed.

Plaintiff Richardson was shopping at the Safeway Store at 31st Street and Myrtle, Kansas City, Missouri, between 7:00 and 7:30 P.M. on January 31, 1962. As he was walking by the meat counter, he suddenly fell backwards. He got up and saw a bone on the floor. He stated that this bone which caused his fall was "about two inches, two by two", was round, and had marrow in the center and "meat around it". He reported the fall to a lady at the cashier's office and showed her the bone that he had fallen on. On cross-examination plaintiff admitted that he did not know how long the bone had been on the floor before he fell.

Defendant called as a witness Mrs. Mary B. Ogden who testified that on January 31, 1962, she was employed by defendant in its Myrtle Avenue store as a meat wrapper; that all meat before being placed in defendant's display cases is wrapped in cellophane; that the meat department employees never carry unwrapped pieces of meat or bones out in front of the counter. Mrs. Ogden stated that she left the store at 7:00 P.M.; that between 6:30 and 7:00 P.M. she checked the aisle in front of the meat counter and found no "meat bones or anything else" on the floor; that the butchers had left at 5:00 P.M., and if they had given any dog bones before they left the bones would have been wrapped in paper.

Defendant's cashier, Mrs. Dorothy Willener, testified that plaintiff came to the booth window "and put the bone in, which

was a dirty, dried up steak bone, and said he had fallen on it." She called Mr. Robert Coleman, who was in charge of the store, and gave the bone to him.

Mr. Coleman testified that "Mrs. Willener called me up to the booth and when I went up there she had this round bone that the man had fallen on. And I asked the man if he was hurt and he said he had bumped his elbow when he fell but he said that it wasn't bothering him, so I took the bone, put it in the booth. The next morning I gave it to the head butcher."

Defendant contends that the court erred in refusing its motion for judgment because the evidence failed to make a submissible issue of defendant's negligence and did not establish notice to the defendant of any bone on defendant's floor prior to the plaintiff's alleged fall.

■ The law governing this case is well settled. It is stated in the case of Robinson v. Great Atlantic & Pacific Tea Co., 347 Mo. 421, 147 S.W.2d 648, as follows:

" 'The applicable law, as announced by the courts of this state, is that a storekeeper is not liable to his invitee for injury resulting from a dangerous and unsafe condition of the store *unless it is shown that the storekeeper had knowledge, actual or constructive, of such condition in time by the exercise of ordinary care to have remedied the condition* before the occurrence of the injury. McKeighan v. Kline's Inc., 339 Mo. 523, 98 S.W.2d 555; Broughton v. S. S. Kresge Co., Mo.App., 26 S.W.2d 838; Hogan v. S. S. Kresge Co., Mo.App., 93 S.W.2d 118; Varner v. Kroger Grocery & Baking Co., Mo.App., 75 S.W.2d 585; Hubenschmidt v. S. S. Kresge Co., Mo.App., 115 S.W.2d 211; Monsour v. Excelsior Tobacco Co., Mo.App., 115 S.W.2d 219; Scott v. Kline's Inc., Mo.App., 284 S.W. 831.' Smith v. Sears, Roebuck & Co., Mo.App., 117 S.W.2d 658, loc. cit. 661."

In the case of Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401, 402, the following language appears:

"The rule is well settled that a customer who is injured by slipping upon some foreign substance at a store has the burden of producing evidence showing the presence of the foreign substance for a sufficient length of time to give notice of its presence to the storekeeper. After such notice the failure of the storekeeper to remove it constitutes negligence. See State v. Bland [357 Mo. 339], Mo.Sup., 208 S.W.2d 263."

■ In the instant case there is no evidence that defendant had actual knowledge that the bone was on the floor, or of the length of time it had been there or how it got there. It is wholly a matter of speculation and conjecture.

Plaintiff cites two cases in support of his contention that a submissible case was made. They are Alvey v. Sears, Roebuck & Co., 360 S.W.2d 231, Mo.Sup., and Maybee v. Missouri Orpheum Corp., 238 Mo. App. 537, 181 S.W.2d 771. Both of those cases, on their facts, are distinguishable from the instant case.

In the Alvey case there was testimony on the part of plaintiff that there was an employee who *immediately* preceded the plaintiff down the aisle. The Supreme Court therefore concluded that the jury could find that a foreign object was on the floor at the time the employee went by and that he failed to see it.

In the Maybee case the plaintiff caught her foot under a "cupped-up" place in a carpet and fell. This court held that sufficient facts were shown for the jury to find that the "cupped-up" condition existed prior to the time the plaintiff entered the theatre and that the defendant's employees by the exercise of care could have discovered the condition.

In the instant case, as we have said, there is not a particle of evidence tending

to prove that defendant knew that the bone was on the floor, or how long it had been there or how it got there. Failure of proof on this vital issue bars plaintiff's right to recover.

The judgment is reversed. All concur.