Ethel F. **WILLOUGHBY**, Plaintiff-Respondent,

v.

**SAFEWAY STORES, INC.**, Defendant-Appellant.

No. 24286.

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1965.

Gene Morris, Rogers, Field & Gentry, Kansas City, for appellant.

Kenneth H. Taylor, Taylor & Taylor, Independence, for respondent.

CROSS, Presiding Judge.

In this action plaintiff sues to recover damages for personal injuries sustained when she allegedly fell down in defendant corporation's store located in Independence, Missouri. The case was tried to the court without a jury on plaintiff's pleaded theory that she was caused to trip and fall as a result of defendant's negligence in maintaining a floor mat on its store premises in a dangerous and unsafe condition. At the conclusion of plaintiff's evidence, defendant filed a motion for judgment which the trial court denied. Defendant declined to go forward with any evidence and stood upon its motion. Thereafter the trial judge found the issues in favor of plaintiff and gave her a judgment in the sum of $750.00. This appeal by defendant results.

In a single point defendant contends that the trial court erred in refusing its motion for judgment "because plaintiff's evidence failed to make a submissible issue of defendant's negligence" in that (a) plaintiff's evidence fails to establish the existence of an unsafe condition on defendant's store premises, and (b) even assuming the presence of such condition, plaintiff's evidence does not establish that defendant had actual or constructive notice thereof.

It is suggested by plaintiff that in ruling this assignment we must consider the evidence in the light most favorable to her and give her the benefit of all reasonable inferences to be drawn therefrom. The rule plaintiff urges us to follow is not applicable in appellate review of cases tried by the court without a jury, although it is universally applied when the question arises in cases tried by a jury.

Our determination of the appeal issues presently at hand is governed by Civil Rule 73.01(d), V.A.M.R. which mandatorily provides that "The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature". "In doing so we shall review the record de novo, determine the credibility, weight and value of the testimony and evidence, and arrive at our own conclusions of the facts based on the entire record". Mueller v. Larison, Mo.Sup., 355 S.W.2d 5. And, while ordinarily the appellate court defers to the trial court's opportunity to see and hear the witnesses and judge their credibility, there is no occasion here for so doing because there is no conflict in the testimony. See Mueller v. Larison, supra.

The testimony of plaintiff and her son Earl Willoughby, who testified on her behalf, warrants the following statement of facts and circumstances material to the appeal issues: On a snowy, wet, slushy afternoon in Mid-January, sometime between 4:00 and 4:30 o'clock, plaintiff, accompanied by her son, went to defendant's store to purchase groceries. She finished shopping, and as she walked from the check-out stand toward the exit door she fell. Her only claim as to the cause of her fall is that she tripped on or stumbled over a wrinkle in a rubber mat on the floor.

According to plaintiff's statement of her experience as a regular customer in the store, when weather conditions were "wet or snowy or slushy outside", the store management would put a rubber mat or mats on the floor extending "longways" from the front entrance door and running along an area extending between the plate glass store front and a row of four check-out stands which were located about eight or nine feet from the store front. So placed, the mat would be parallel to the store front

and the check-out stands and it would be in such position that persons entering the front door would walk along upon it in going around the check-out stands to approach the general shopping area, and they would walk across its width, which was about 2½ to 3 feet, in leaving the check-out stand to proceed to the exit door.

On the afternoon in question, both the weather conditions and the placement of the mat were as above described. Plaintiff saw the mat when she entered the store and necessarily walked along or alongside it in order to obtain a grocery cart and start her shopping. It was a thin rubber mat about 2½ or 3 feet wide and was just like a lot of others she had seen in public places where the public enters. The lighting was adequate, and plaintiff had no trouble seeing inside the store.

Plaintiff was preceded through the check-out stand by her son who had picked up a large bag of groceries plaintiff had purchased and walked toward the glass store front and in the direction of the exit door. Then plaintiff, carrying a small sack of articles, started out of the check-out stand to follow him. As she did so, she glanced ahead of her, saw the mat and "knew it was there" as it had been on other occasions under like weather conditions. She didn't see anything out of the ordinary with regard to the mat or anything that looked dangerous, or any wrinkle in it. Under these conditions she "started to walk to the door" and "stumbled and fell * * * clear down on * * * (her) knees and kind of over".

Plaintiff testified that she knew she had stumbled over something and that as she got up she looked to see what she had stumbled over and "seen this wrinkle in the mat". She stated, "Well, there was a wrinkle somewhere in it. There was some obstruction that I stumbled over". " * * * near the edge of this rug" which was a little over a foot from the check-out stand. She described the wrinkle as being about an inch high.

On cross examination plaintiff repeated that the only time she saw a wrinkle in the mat was after she had fallen and stated that it was perfectly open and obvious to her when she then looked and saw it and that she had no difficulty at all seeing it. She admitted she did not know if the wrinkle was in the mat before she fell or if it just formed in the mat when she tripped. She rejected the possibility she could have gotten the toe of her shoe underneath the mat.

The testimony of Earl Willoughby, insofar as it relates to his general movements in the store, is accurately reflected in the foregoing portion of this statement of facts. There is nothing in his testimony to show the condition of the mat prior to plaintiff's fall and he claims no knowledge bearing on the subject. He stated, "I don't even recall seeing it (the mat) until after the accident", and agreed that he "didn't know anything about its condition until after she fell". At that time he noticed the mat and saw that "part of the mat was up—wrinkled or scuffed—not to the middle, and it wasn't to the end—(but) on one end more or less —a place on the rug that it was pulled up from the floor". He testified he didn't know how or when the wrinkle was caused, who caused it, or any circumstances in connection with its cause.

The duty owed by the occupier of premises to a business invitee is well stated by the Supreme Court in Wilkins v. Allied Stores of Missouri, 308 S.W.2d 623, quoting from Happy v. Walz, 358 Mo. 56, 213 S.W.2d 410, as follows:

> "The 'owner or occupant of land who, by invitation, express or implied, induces or leads others to come upon his premises, for any lawful purpose, is liable in damages to such persons— they using due care—for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public, or

to those who were likely to act upon such invitation' ".

Plaintiff's case is bottomed on the principles of law found in the foregoing quoted paragraph. In particular, in order to establish a valid claim against defendant, it was primarily incumbent upon plaintiff to establish, as the very supporting foundation of her case, that defendant's store premises were in an unsafe condition. In Wilburn v. Southwestern Bell Telephone Company, Mo.App., 382 S.W.2d 49, a slip and fall case, the court recognized such necessity in the following language:

"But whatever may be the category in which a particular case may be classified, it is elemental that in a case such as this the plaintiff must establish as the very foundation of his case, ' * * * before issues relating to the proprietor's breach of his duty of care can be reached, that the floor on which he fell was, as a matter of fact, dangerously slippery * * * ' ".

The immediate question is whether plaintiff has sustained her incumbent burden of proof to support her pleaded allegation that the floor mat was in an unsafe condition by adducing a preponderance of credible evidence to show the presence of a wrinkle in the rubber mat *prior to and at the time* she stumbled on it and fell. There is nothing in plaintiff's own testimony that can be considered as direct proof of that fact. She testified that she saw the mat on the floor when she entered the store, and knew it was there before she started to leave the store. The lighting was adequate and she had no difficulty seeing. As she started toward the door from the check stand, she glanced ahead and saw the mat *but didn't see anything out of the ordinary with regard to it, or anything that looked dangerous and did not see any wrinkle in the mat.* It is her unequivocal admission that the only time she saw a wrinkle in the mat was after she had fallen and that then it was perfectly open and obvious to her. The testimony of Earl Willoughby is no more probative of the alleged unsafe condition than is plaintiff's, since he disclaims all knowledge of the mat's condition—particularly as to any wrinkle in it—prior to plaintiff's fall.

■ We recognize that the existence of the wrinkle in the mat prior to plaintiff's fall, as an essential element of her case, may be established by circumstantial evidence which need not have the quality of absolute certainty. Green v. Ralston Purina Company, Mo.Sup., 376 S.W.2d 119. However, proof by circumstantial evidence must establish the desired inference with such certainty as to cause it to be the more reasonable and probable of the conclusions to be drawn, Frazier v. Ford Motor Company, 365 Mo. 62, 276 S.W.2d 95, "and must rise above the stature of guesswork, speculation or surmise". Green v. Ralston Purina Co., supra.

■ Under these rules it is our view that the circumstances shown by plaintiff's evidence are not sufficient to form a basis for us to infer, as the more reasonable probability, that the wrinkle was in the mat prior to her fall. Under the evidence it is at least equally probable that the mat was wrinkled by some force when she "stumbled and fell". We are unable to reach the conclusion desired by plaintiff except by "guesswork, speculation or surmise". As the triers of the fact issues in this case, we have no more right to base our findings upon those considerations than a jury has in arriving at its verdict.

It is therefore our separate finding that plaintiff did not sustain her burden to establish that defendant's store premises were in an unsafe condition by showing that the wrinkle was in the mat before she fell. For that reason, we necessarily rule that she did not make a submissible case on the issue of defendant's negligence and that the trial court erred in refusing defendant's motion for judgment. In reaching this conclusion we have duly considered cases cited by plaintiff but do not find them in point be-

cause of their factual divergence from the instant case.

In view of our ruling that plaintiff has not shown that an unsafe condition existed in defendant's store, it has become pointless to discuss the second phase of defendant's submission—the question whether plaintiff's evidence established actual or constructive notice of the alleged unsafe condition.

The judgment is reversed.

HOWARD, J., and GREENE, Special Judge, concur.

BLAIR, J., not participating.