Dolores POE, Respondent,

v.

**SAFEWAY STORES, INC., Appellant.**

No. 24558.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1966.

Morris H. Kross, Rogers, Field & Gentry, Kasas City, for appellant.

William A. Piedimonte, Thomas D. Cochran, C. William Kramer, Piedimonte & Cochran, Independence, for respondent.

HOWARD, Judge.

In this case respondent seeks to recover damages for personal injuries incurred when she slipped and fell in appellant's grocery store located on the Blue Ridge Mall, in Jackson County, Missouri. The suit was originally filed in magistrate court where judgment was for the plaintiff. It was appealed to the circuit court where it was tried to the court without a jury, resulting in a judgment for plaintiff in the amount of $1,200.00. Appellant has duly appealed to this court. We shall refer to the parties as they appeared below.

On January 10, 1963, about 5:30 P.M., the plaintiff, Dolores Poe, entered the Safeway Store through a door at the west front of the building. As she entered the door, a row of check-out counters confronted her with counters numbered 5, 6, 7, 8, 9 and 10 being to her right. Plaintiff desired to go to a check cashing booth in the south part of the store to cash a check and then do her grocery shopping. She turned to her right and walked past check-out counters 5, 6 and 7. In doing so, she met several people coming out of these check-out counters. She then walked on to check-out counter number 8, where her left foot slipped and she fell, grabbing the west end of check-out counter number 8, with her left hand and falling on her right knee and hand. She was assisted to her feet and then saw that her left foot had slipped on a piece of lettuce on the floor, about two feet west of the west end of check-out counter number 8. A check-out girl was operating the cash register at check-out counter number 8, checking out a customer's groceries. She was standing at the east end of the check-out counter and a sack boy was standing at the west end sacking the groceries as they were checked out. There were two other customers standing in line waiting to check out at counter number 8. Plaintiff did not see the piece of lettuce before she fell, she did not know how the lettuce got on the floor, and she did not know how long it had been there before she stepped on it.

Defendant offered no evidence and the plaintiff's testimony as summarized above was the only evidence adduced as to the cause of the slip and fall. No issue is made on this appeal as to plaintiff's injuries or the amount of the judgment; therefore, it is unnecessary to refer to the evidence on this subject.

Defendant contends that the trial court erred in refusing its motion for judgment because the plaintiff's evidence failed to make a submissible issue of defendant's negligence for the reason (1) there was no evidence to support a finding of defendant's negligence in failing to discover the lettuce on the floor prior to plaintiff's fall, and (2) there was no evidence sufficient to import constructive knowledge of the piece of lettuce on the floor.

Plaintiff in her brief contends that she is entitled to every inference of fact which may reasonably be drawn from the evidence and that the evidence must be considered in the light most favorable to her. This assertion is correct as to jury tried cases which were involved in the authorities cited by plaintiff. However, the case at bar was tried to the court without a jury. In such cases we review the case upon both the law and evidence as in suits of an equitable nature, as required by Civil Rule 73.01(d), V.A.M.R. See Willoughby v. Safeway Stores, Inc., Mo.App., 397 S.W. 2d 748 and authorities therein cited.

Defendant points out that in this case there was no evidence of actual notice to defendant of the presence of the piece of lettuce on the floor and there was no evidence as to how the lettuce got on the floor, or how long it had been there. The plaintiff herself was the only witness on this subject and she disclaimed any knowledge as to either of these factors. From this state of the evidence defendant concludes that it can not be convicted of negligence in failing to remedy the dangerous situation or to warn plaintiff thereof, relying on such cases as State ex rel Trading Post Co. v. Shain, 342 Mo. 588, 116 S.W.2d 99; Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401; Robinson v. Great Atlantic and Pacific Tea Company, 347 Mo. 421, 147 S.W.2d 648; Uelentrup v. Switzerland Stores, Inc., Mo.App., 164 S.W.2d 650 and Richardson v. Safeway Stores, Inc., Mo.App., 379 S.W.2d 827. Plaintiff, in essence, agrees with these contentions, but by way of avoidance seeks to take this case out from under the authorities relied on by defendant, by arguing that the facts in this case are comparable to those in Alvey v. Sears, Roebuck & Company, Mo., 360 S.W.2d 231, and Maybee v. Missouri

Orpheum Corp., 238 Mo.App. 537, 181 S.W.2d 771, and that she is entitled to recover under the doctrine of those cases.

In the Alvey case, supra, the plaintiff entered the door of the Sears store and proceeded down an aisle a short distance until she stepped on a round object on the floor, which rolled with her and caused her to fall. An employee of the defendant, who was an assistant manager of the department where the fall occurred, had walked down the aisle about fifteen feet ahead of plaintiff. There was evidence to show that among his duties, he was required to see that the aisles were kept clean and to remove any foreign objects therefrom. No one was in the aisle between the employee and plaintiff. From these circumstances, the court held that the jury could infer that the employee negligently failed to perform his duty of removing foreign objects from the aisle. In Maybee v. Missouri Orpheum Corp., supra, an usher with a flashlight had shown plaintiff and her husband to seats in a dimly lighted theater. Plaintiff then decided to change her seat and in stepping from the seat row into the aisle caught her toe in a cupped place in the aisle carpet and fell. There was evidence to show that the usher had a duty to discover such dangerous condition and to remedy the same, or to warn customers thereof. The court pointed out that in shining his flashlight on the place where the defective carpet was, he should have seen the defect and warned plaintiff, and was negligent in failing to do so.

To bring her case within the doctrine of Maybee and Alvey, plaintiff in the case at bar argues that the view of the check-out girl and the sacker at check-out counter number 8 was unobstructed; that from their positions, they could have seen the piece of lettuce on the floor, if they had looked, and that therefore constructive notice should be imported to defendant and it should be held liable for failure to remedy the dangerous condition or to warn plaintiff. This contention is summarized in plaintiff's brief as follows: " * * *

where the property owner had employees working in close proximity to the place of the accident, and, from which the peril could have been discovered, a submissible question is made as to whether failure to discover was negligence."

█ It is apparent that this quoted contention of plaintiff goes far beyond the decision in the Maybee and Alvey cases, supra, and finds no support in any other Missouri case. Here plaintiff testified that it took her from eight to ten seconds to walk from the door to the place where she fell. There is absolutely no evidence as to how long the lettuce had been on the floor. Perhaps eleven seconds, perhaps an hour, or more. There is no evidence that either the sacker or the checker had any duty to keep a watch for foreign objects on the floor, to remove the same, or to warn customers. The evidence does show that both the checker and sacker were busy checking out a customer at the time of the fall. When the presence of the lettuce was discovered, after the fall, another employee was called to clean it up with a broom and dust pan.

█ In cases such as this, the plaintiff has the burden of showing that defendant knew, or should have known, of the dangerous condition, in time to have remedied the same, or warned plaintiff. See Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401. Such rule is universally recited in all the cases heretofore mentioned in this opinion. In this instance the plaintiff has entirely failed to carry the burden. There is no evidence of actual notice; there is no evidence that the condition had existed for such time as to import constructive knowledge to the defendant. The facts do not bring this case within the doctrine of Maybee v. Missouri Orpheum Corp. or Alvey v. Sears, Roebuck & Co., supra, because there is no evidentiary basis for an inference that any of defendant's employees negligently failed to perform their duty to discover such dangerous condition and remedy the situation or warn plaintiff. We conclude

from the evidence that the finder of fact could only find notice, either actual or constructive, in defendant on the basis of guesswork and speculation. There is no evidence from which such notice could be reasonably inferred. Therefore, the trial court erred in failing to enter judgment for the defendant on its motion. The judgment is reversed.

All concur.