**FIRST NATIONAL BANK OF CARROLLTON, Plaintiff-Appellant,**

v.

**R.W. McCLURE and Mary Louis McClure, Defendants-Respondents,**

and

**Bank of Waverly, Intervenor-Respondent.**

**No. WD 34177.**

Missouri Court of Appeals, Western District.

Nov. 29, 1983.

As Modified Feb. 28, 1984.

J. Kirk Rahm of Rahm & Rahm, Carrollton, for plaintiff-appellant.

A. Howard Chamberlin of Rea, Chamberlin & Russell, Kansas City, and Robert A. Bryant of Franken, Bryant & Franken, Carrollton, for intervenor-respondent.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

MANFORD, Judge.

This is a civil action wherein respondent Bank of Waverly, as intervenor, seeks a declaration that garnished sales proceeds were subject to respondent's security interest. This case was heard by a special judge as per an order of the Missouri Supreme Court. Judgment reversed and the cause remanded.

Appellant presents multiple points, charging that the trial court erred in its judgment to the favor of respondent. Because of the disposition of this matter on appeal, this court needs only to address one of these points. Appellant charges that the trial court erred in declaring that respondent had a perfected security interest in the garnished sales proceeds because there was no evidence of a financing statement having been filed with the Missouri Secretary of State concerning the property from which the proceeds were derived.

In summary, the facts are as follows:

Separate repondents (original defendants in a garnishment action) R.W. McClure and Mary McClure are individuals and residents of Carroll County, Missouri. They own and operate a Pontiac-Buick-Cadillac automobile dealership in Carrollton, Missouri. They also buy and sell antique automobiles. On July 13, 1979, they secured a renewal or "re-write" of previous loans with respondent, Bank of Waverly. This "re-write" note was in the amount of $90,240.90. R.W. McClure signed the note for both him and his wife. Mrs. McClure testified that she was aware her husband intended to and did sign her name. She ratified her husband's actions. At the time of this renewal note, R.W. McClure also signed three security agreements and three financing statements. These three security agreements and financing statements involved three categories. One of the security agreements involved "floor plans" for automobiles and another dealt with antique automobiles. The third security agreement dealt with antique furniture, and it is this agreement which is at issue on this appeal.

The evidence upon the record shows that the Bank of Waverly filed the financing statements with the Recorder of Deeds of Carroll County, but there was no evidence before the trial court that such statements were ever filed with the Missouri Secretary of State. On July 4th and 5th, 1981, following negotiations and arrangements relative to the sale of their antique furniture, the McClures held an auction. This auction was conducted by the Bob Sleeper Auction Service. Respondent, Bank of Waverly, agreed to the sale.

Previous to the above sale, appellant, The First National Bank of Carrollton, became a judgment creditor of the McClures. Appellant obtained a judgment in the sum of $87,495.97 against the McClures on September 14, 1979.

On July 4, 1981, just prior to the start of the auction, appellant caused a writ of garnishment to be served upon the auctioneer, Bob Sleeper. Proceeds of the sale of July 4, 1981 were $27,270.00. Proceeds of the sale of July 5, 1981 were $27,693.00.

On July 13, 1981, the Bank of Waverly filed a financing statement, claiming a security interest in the sale proceeds. On July 15, 1981, the Bank of Waverly filed an identical financing statement with the Missouri Secretary of State. On July 27, 1981, the Bank of Waverly filed its petition of intervention, seeking a declaration that the sales proceeds of July 4th and 5th, 1981 were subject to its security agreement. The trial court entered judgment for the Bank of Waverly, declaring that it had a valid security interest in said proceeds. This appeal followed.

The record shows that the Bank of Waverly filed a financing statement on July 15, 1981, relative to a claimed interest in the sales proceeds. There is shown on this financial statement the claim of a prior

financing statement in addition, claiming the same to have been filed with the Missouri Secretary of State on July 25, 1979. Because respondents did not introduce into evidence the July 1979 financing statement, there was no evidence before the trial court that the claimed security (as of July 25, 1979) was the same security which gave rise to the sales proceeds of July 4th and 5th, 1981.

■ On this appeal, the Bank of Waverly attempts, by an appendix to its brief, to assert a valid security interest as of July 25, 1979. There was a reference to such an interest by counsel for the Bank of Waverly in the opening statement to the court, but the record is otherwise void of any evidence to prove such a claim. This court is required to review the evidence of record before the trial court in its review. The presentment of evidence, extraneous to the record, should not be considered on appeal. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 346 (Mo.App.1980).

On this appeal, the Bank of Waverly argues that an appellate court should affirm a trial court judgment if the trial court reached the correct result and not whether the reason assigned for the judgment was correct or incorrect. There is nothing incorrect about respondent's argument of that rule, except that it does not apply herein. The fact that the record reveals numerous references to various security agreements neither suffices to establish the burden of proof required of the Bank of Waverly to prove the validity of its claimed security interest nor permits the application of the rule that appellate courts should affirm a trial court judgment, regardless if the reason assigned by the trial court was correct or not.

■ The record before this court reveals that not all of the pertinent information (to wit, evidence that the July 1981 financing statement properly identifies the security claimed under the July 1979 financing statement so as to establish that the security under the 1979 financing statement is the same security or proceeds claimed in the 1981 financing statement) was presented to the trial court. The judgment must be reversed and the cause remanded for further proceedings, if any, in conformity with this court's ruling herein. *Lance v. Van Winkle,* 358 Mo. 143, 213 S.W.2d 401 (1948); *Jordan v. Robert Half Personnel Agencies,* 615 S.W.2d 574 (Mo.App.1981).

So ordered.

All concur.