**Eileen ADAMS, Respondent,**

v.

**NATIONAL SUPER MARKETS, INC., Appellant.**

**No. 53974.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 11, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 1988.

Pamela M. Triplett, Hazelwood, for appellant.

Gary R. Sarachan, Michael A. Gross, St. Louis, for respondent.

GRIMM, Presiding Judge.

In this jury tried case, National Super Markets, Inc. appeals from a judgment entered in favor of plaintiff Eileen Adams for personal injuries suffered in a "slip and fall". We reverse.

Although National's brief states three points relied on, the resolution of one point disposes of the appeal. That point is whether the trial court erred in denying National's motions for directed verdict and for judgment notwithstanding the verdict because Adams failed to make a submissible case; specifically that she did not prove that National had either actual or constructive notice of the ice cream on the floor, which caused Adams to slip and fall. We find that the trial court erred. In view of that ruling, we do not reach the other points relied on regarding the submissibility of an instruction and whether Adams was a business invitee or licensee.

Reviewing the evidence in the light most favorable to Adams, it discloses that Adams was in a National store around 8 p.m. on September 18, 1980. She was there to do market research for a firm she works for. After completing her work, Adams walked to the two "express lanes" at the front of the store to leave. There, she sidestepped some customers who were standing in the first express lane, intending to go through the other unoccupied express lane. When she was three to four feet from the entrance to that lane, she slipped and fell on a puddle of ice cream.

The puddle, 10 to 12 inches in diameter, had a center that was "kind of milky and creamy and gooey," but "the edges of it were kind of crusty and hard." Following her fall, it was at least five to ten minutes before she was able to get up. While on the floor, she saw someone try to wipe up the ice cream with paper towels. That did not work, so a wet cloth was used to get it up. Neither an ice cream cone or carton were seen in the vicinity where she fell. After the puddle was removed, it left a white mark on the floor.

The ice cream puddle was approximately three to four feet from the adjoining express lane checker. There was no divider between the two express lanes. Adams did not notice if there was anyone in the nearby courtesy counter cash office.

Adams had the assistant manager on duty, Gregory Wilhelm, testify. He said that during September, 1980, spills occurred daily, sometimes more than once a day, and that employees were instructed to watch for spills and foreign matter on the

floor. At the time of the accident, there were about 15 employees in the store. A maintenance person was assigned to sweep the floors every hour.

The dispositive issue is whether the trial court erred in failing to grant National's motions for directed verdict and judgment notwithstanding the verdict because Adams failed to make a submissible case.

▪ Adams, to make a submissible case of negligence, must prove National had either actual or constructive knowledge of the dangerous condition. *Ward v. Temple Stephens Company*, 418 S.W.2d 935, 938 (Mo.Div. 2 1967); *Vinson v. National Super Markets, Inc.*, 621 S.W.2d 373, 375 (Mo.App.E.D.1981). There is no evidence that National had actual knowledge of the ice cream puddle.

In the absence of a showing of actual knowledge, evidence must be presented "that the defect has existed for a sufficient length of time to constitute notice, or, in other words, to show defendant should reasonably have known of it." *Ward* at 938; *White v. Kroger Co.*, 573 S.W.2d 375, 376 (Mo.App.E.D.1978); *Prier v. Smitty's Supermarkets, Inc.*, 715 S.W.2d 579, 580 (Mo. App.S.D.1986).

▪ Here, Adams contends that the ice cream had been on the floor a sufficient time to constitute notice. She bases her contention on the evidence that the edges of the ice cream puddle were "crusty and hard"; a wet cloth was required to wipe up the mess; a white mark was left on the floor; a checkout cashier was three to four feet away; and fifteen employees were on duty.

In *Lance v. Van Winkle*, 358 Mo. 143, 213 S.W.2d 401 (Div. 1 1948) plaintiff fell; some ice cream and a cone caused her to slip. There, the question was whether the evidence was sufficient to establish constructive notice. In that case, the evidence tending to show the length of time the ice cream was present was that the ice cream "appeared to have dried." The *Lance* court held that the "dryness" did not establish constructive notice. It noted that there could have been a number of other factors which contributed to the dry appearance of the ice cream, besides that it had been on the floor for a long time. *Id.*, 213 S.W.2d at 403. The *Lance* court refused to consider the evidence of the results of an experiment on the length of time it would take ice cream to form a crust. The court, however, went on and said that "even with the evidence of the experiment, the length of time the ice cream ... [was] on the step is still only speculation and uncertain." *Id.* at 404.

Here, there is no evidence of how long the ice cream was on the floor, whether it was minutes, or hours, or somewhere in between. This court has previously held that as a matter of law, 20 minutes was insufficient to give constructive notice of grapes on the floor, *Grant v. National Super Markets, Inc.*, 611 S.W.2d 357, 359 (Mo.App.E.D.1980), and 30 minutes was insufficient to give constructive notice of candy on the floor. *Carraway v. National Super Markets, Inc.*, 741 S.W.2d 895, 896 (Mo.App.E.D.1987). The time necessary for the ice cream to get into the condition described by Adams was not established, and any estimate would be purely "speculative and uncertain". *Lance* at 404.

Adams also contends that the close proximity of some of National's employees to the ice cream was enough to give National constructive notice. Similar contentions have been rejected. *Vinson* at 375; *Prier* at 581; *Poe v. Safeway Stores, Inc.*, 409 S.W.2d 746, 748 (Mo.App.W.D.1966). Here, Adams stated that she did not know if anyone was at the courtesy counter, 10 to 15 feet away, when she fell. Neither did she offer any evidence that anyone could see the ice cream from the courtesy counter or from where the checker was standing. The evidence did establish that the checker was busy waiting on customers when Adams fell.

There was testimony that National's employees had a general duty to look out for spilled substances. There was, however, no evidence that the employees negligently failed to discover the ice cream. The evidence fails to establish that National had

constructive notice of the defective condition.

The trial court erred in failing to enter judgment for National. The judgment is reversed.

PUDLOWSKI, C.J., and KAROHL, J., concur.