Joseph G. SANDZA, III, b/n/f Helen Sandza, Plaintiff/Respondent,

v.

CITY OF DES PERES, Missouri, Defendant/Appellant.

No. 54750.

Missouri Court of Appeals, Eastern District, Division Four.

March 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1989.

Application to Transfer Denied May 16, 1989.

Donald L. James, William T. Kacerovskis, Brown, James & Rabbitt, St. Louis, for defendant/appellant.

David Campbell, Campbell & Campbell, St. Louis, for plaintiff/respondent.

SMITH, Presiding Judge.

Defendant, City of Des Peres, appeals from the order of the trial court awarding plaintiff a new trial on the basis of instructional error. We reverse.

Plaintiff, then 14, lost portions of three fingers when a Class B commercial fireworks device with which he was playing exploded. The incident occurred in a city park in Des Peres, and the plaintiff found the device in the park on the day of the explosion, August 24, 1984. On July 7, 1984, Sunset Fireworks, Ltd. pursuant to contract with and on behalf of the City, conducted a fireworks display. Plaintiff sued both Sunset and the City. The jury returned a verdict in favor of both defendants. The trial court awarded a new trial as to the City only on the basis of the City's converse instruction and the objection raised thereto in plaintiff's motion for new trial. That objection was:

> "The giving of such instruction was error since the jury could have found from the evidence that the injury was caused by a fireworks device from another source that the City of Des Peres

negligently had left in the park due to inadequate clean-up procedures, and the instruction unduly limited the jury in its ability to find that the City of Des Peres was negligent and that a percentage of fault could be assessed against them (sic)."

In order to determine the validity of a converse instruction it must be compared to the verdict-directing instruction which it is intended to converse. *Apex Oil Co. v. Beldner*, 567 S.W.2d 336 (Mo.App.1978) [2,3]. In making such comparison the court should not be hypertechnical about the language utilized but should be concerned about the meaning of the instruction to the average juror, *Id.; Bartleman v. Humphrey*, 441 S.W.2d 335 (Mo.1969) [25]. The significance of any language variation between the verdict-director and the converse is in whether the same legal theory is contained in both instructions. *Apex Oil Co. v. Beldner, supra.*

Plaintiff's verdict-director against the City was:

> "In your verdict you must assess a percentage of fault to defendant the City of Des Peres, Missouri, whether or not plaintiff was partly at fault if you believe:
>
> 'First, defendant Sunset Fireworks, Ltd. conducted a fireworks display in Des Peres Park at the request of the defendant City of Des Peres, Missouri, and
>
> 'Second, defendants failed to provide or conduct procedures to reasonably assure the removal from the Park following *said* fireworks display of all unexploded fireworks devices, if any and
>
> 'Third, that defendants, or either of them, were thereby negligent, and
>
> 'Fourth, as a direct result of such negligence plaintiff sustained damage.'"
> (Emphasis supplied).

The verdict-director as to Sunset contained the identical paragraph "second." The record is clear that Sunset owed no duty to clean up the Des Peres Park other

than for debris resulting from its fireworks display on July 7, 1984.

The converse given for Des Peres was:

"In your verdict you must not assess a percentage of fault to defendant, City of Des Peres, unless you believe an unexploded fireworks device from defendant, Sunset Fireworks, Ltd.'s display was left in Des Peres park."

The same basic converse was given for Sunset.

Plaintiff seeks to justify the granting of the new trial on the basis that his verdict-director was not restricted to unexploded fireworks resulting from the July 7 display, but that reference to that display was merely the triggering device for a continuing duty on the City's part to inspect the park for fireworks devices and remove them. He further argues that the identical verdict-directing instructions given as to each defendant constituted an error as to Sunset in not specifying in the Sunset verdict-director that the device had to come from the Sunset display. This error was, plaintiff contends, cured by the Sunset converse.

We are unable to conclude that the plaintiff's verdict-directing instruction is subject to the interpretation plaintiff puts upon it. The instruction in paragraph second refers to the "defendants" failure to provide procedures to assure removal of unexploded fireworks following "said" fireworks display. Clearly Sunset had no duty to provide for policing of the park as to fireworks other than those from its own display. The duty hypothesized in paragraph second purported to be the same as to both defendants, but plaintiff's present contention creates two different duties.

Plaintiff's petition hypothesized the City's negligence as "failing to provide or conduct procedures designed to properly police the Park *in the vicinity of the aforesaid display following the aforesaid display* and in failure to post warnings." If the negligence claimed was a general failure to police the park then the emphasized language was totally unnecessary. That language limits the plaintiff's claim to negligence arising from the failure to police

the park to discover and remove fireworks originating from the display.

There was no evidence that the city was aware or should have been aware that unexploded Class B commercial fireworks might be in the park except for those resulting from the July 7 display. Further there was no evidence that the device which injured plaintiff had been in the park for a sufficient time for the city to have been aware, actually or constructively, of its presence unless it was a remnant of the July 7 display. It was essential, therefore, that plaintiff establish and submit to the jury the proposition that the source of the device was the July 7 display. *See Adams v. National Super Markets, Inc.*, 760 S.W.2d 139 (Mo.App.1988) [1, 2].

We find *Catalano v. Kansas City*, 475 S.W.2d 426 (Mo.App.1971) relied upon by plaintiff to be distinguishable. That case involved a common and recurring condition, broken beer bottles, which would be expected in a park. The court held that knowledge of the general condition of broken beer bottles in the park was sufficient to trigger the city's duty to maintain the park in a safe condition. The risk there arose from a "condition as opposed to a specific defect." The evidence here does not establish that there was a "condition" of unexploded Class B commercial fireworks devices in Des Peres' park. The evidence established a specific defect—one such unexploded device. The city's duty as to that device was triggered only when it had knowledge, actual or constructive, of its presence. Plaintiff attempted to, and in fact was required to, establish constructive knowledge on the basis of the time elapsing between the display and the injury and this in turn required him to establish that the source of the device was the display. His instruction submitted that issue to the jury and the converse instruction properly conversed that submission.

We also note that plaintiff unsuccessfully sought, in limine, to preclude defendant from adducing evidence of the availability of similar such devices. He objected to this evidence "unless [the city] first laid a proper legal evidence basis that some of these

types of devices had been seen or located within the park." The evidence was allowed to support defendant's contention that a source other than the display could account for the presence of the device. There was no evidence that "some of these types of devices had been seen or located within the park." Plaintiff's position at trial was that the presence of the device was not a general condition but one that arose solely from the display. At the instruction conference plaintiff raised no objection to the converse instruction and raised no contention that the converse dealt with a theory different than the theory advanced by plaintiff. *See, Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo. banc 1984).

This case was pleaded, tried and submitted by plaintiff on the theory that the device which injured plaintiff was a residual from the July 7 display. Defendant conversed that element of plaintiff's case. Plaintiff makes no contention that the converse given did not accurately and adequately converse that element. Nor does he raise any contention that the language utilized in the instruction did not substantially conform to the verdict-director. His sole contention is that it did not converse an element submitted in the verdict-director. We find no merit to that contention. The trial court erred in granting the motion for new trial.

Order granting plaintiff a new trial as to City of Des Peres is reversed and cause remanded for entry of judgment in accordance with the verdict.

STEPHAN and SATZ, JJ., concur.